### No. 679

NAT. STONE & SAND CO. v. MAUSER et

Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 20, 1925

367. DEEDS—1. Various conveyances, of land abutting on certain roadway in which reservations are made for the roadway by grantors; in order to construe, said deeds, must be considered together and not individually.

2. Grant in each deed should be considered as an appurtenant and not as an easement in gross.

POLLOCK, J.

This action was instituted on part of the National Stone & Sand Co. against August Mauser, seeking to enjoin him from taking down or removing some obstructions placed by the company across a roadway which passed over its land, and also seeking to enjoin Mauser from travelling over the roadway on its land.

Mauser in his answer and cross-petition, averred that the company had no right to enjoin him from taking down said obstructions and from travelling over the roadway. He asked that the company be enjoined from interfering with travel along the roadway.

The Company operated a stone quarry on what are known as plots one, two, three and four. It has mined stone from tracts one and two and is about up to the roadway, and if permitted to continue its operation will destroy this roadway. Mauser owns lots five and six, and claimed the roadway by prescription, donation, or because it had become a public highway.

Various witnesses were called by Mauser who testified that the roadway has been used as a highway, one claiming to have travelled it while carrying mail, one claimed to have a milk route and drove over the roadway, and another claimed to have been a trustee of the township in which said roadway was situated and that the trustees had caused the roadway to be worked as a public road for fourteen years. The Court of Appeals held:

1. It appears from the deed from William Winfield for the conveyance of tract number two, in 1860, that the following was incorporated:—"Said Winfield also reserves 15 feet wide from the south side of said lot for the purpose of a lane and grants to the said Henry, Elizabeth and John S. Davis the right to a road along said land forever."

2. All the tracts abutting on this roadway following those times when the land owner disposed of them, the grantor reserved in language somewhat similar, a strip 14 or 15 feet wide which would cover this roadway.

3. By the reservations in the deeds, it is evident that the grantors were intending in their conveyance to reserve this way to be used as it had been and points at least to a mutual understanding or agreement between the abutting land owners to maintain this way.

4. Contention of the company that each deed must be individually construed is not the correct rule. The surrounding circumstances should be taken into consideration, and the other conveyances should be looked to as well as the conditions of the various properties to determine how the deeds should be construed.

5. The grant in each deed should be construed as an appurtenant to this right of way. Each grantor reserved the right of way, evidently by reason of some agreement between themselves prior to the conveyances.

6. The judgment is in favor of Mauser and the injunction prayed for by him may be made perpetual.

Attorneys—W. W. Zimmerman for Company; S. M. Strain for Mauser; both of Youngstown.